<u>NOT FOR PUBLICATION</u>

<u>UNITED STATE S DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

_____
                                                              :
HOWARD JOHNSON INTERNATIONAL, :
INC., a Delaware Corporation,                        :
                                                              :
                    Plaintiff,                              :                    Civil Action No. 08-2316 (JAG)
                                                              :
                    v.                                       :                    **OPINION**
                                                              :
DKS, LLC, an Alabama Limited Liability      :
 Company, et al.,                                         :
                                                              :
                    Defendants.                          :
_____:

<u>**GREENAWAY, JR., U.S.D.J.**</u>

          This matter comes before this Court on the motion filed by plaintiff, Howard Johnson

International, Inc. ("HJI" or "Plaintiff"), seeking entry of default judgment against defendants

DKS, LLC ("DKS"), Baldev S. Bajwa, Paramjit S. Deol, Gurinder Dhillon, Santokh Singh, and

Sukhbir Singh, pursuant to FED. R. CIV. P. 55(b).  On March 6, 2009, defendants Baldev S.

Bajwa, Paramjit S. Deol, Gurinder Dhillon, and Santokh Singh entered into a consent agreement

vacating the Clerk's entry of default against each of them.[1]  As a result, Plaintiff now seeks entry

of default judgment only against Sukhbir Singh ("Defendant").  (Letter from Pl.'s counsel dated

June 10, 2009 (Docket Entry No. 20).)  In the Complaint, Plaintiff seeks from Sukhbir Singh

only recurring fees, attorney's fees, and costs.  For the reasons stated below, the motion is

---

          [1] This Court denied Plaintiff's motion for default judgment against Baldev S. Bajwa,
Paramjit S. Deol, Gurinder Dhillon, and Santokh Singh, as moot.  The order mistakenly included
Sukhbir Singh.  Plaintiff renewed its request for entry of default judgment against Sukhbir Singh
by letter dated June 10, 2009.

1

granted.

## I. FACTS

HJI is an operator of a guest lodging facility franchise system.  (Aff. of Kelly Krug in Supp. of Request for Entry of Final J. by Default [hereinafter "Krug Aff."] ¶ 3.)  The system incorporates trade names and service marks, logos and derivations of logos, with standards and support functions for guest lodging facilities.  (Id.)  Hotels operating within the HJI franchise system are independently owned and operated using the Howard Johnson trade names and service marks. (Id. ¶ 4.)

On or about December 2, 2003, HJI entered into a license agreement ("License Agreement") with DKS for the operation of a forty-four (44) room guest lodging facility located at U.S. Highways 78 & 21, Anniston, Alabama 36203 ("Facility").  (Compl. ¶ 12.)  The License Agreement permitted DKS to operate a Howard Johnson guest lodging facility for a fifteen-year term.  (Id. ¶ 13.)  Sukhbir Singh signed a guaranty ("Guaranty")[2] which stated that, upon a default under the License Agreement, he would "immediately make each payment and perform or cause to be performed each obligation required under the License Agreement."  (Id. ¶¶ 51, 52.)

The License Agreement required DKS to "make certain periodic payments to HJI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees . . . ."  (Id. ¶ 14.)  Additionally, DKS "was required to prepare and submit monthly reports to HJI disclosing gross room revenue" and the "amount of royalties and other Recurring Fees due to HJI."  (Id. ¶ 15.)  The License Agreement states in part, "[y]ou [DKS] owe us [HJI] Recurring Fees on Gross Room Revenues accruing while the Facility receives service

---

[2] All individual defendants signed the Guaranty.  (Compl. ¶ 51.)

from the Reservation System." (License Agreement ¶ 13.2, attached to Pl.'s Mot. for Summary J. as Ex. A.) The License Agreement allows HJI to terminate the License Agreement "if DKS (a) discontinued operating the Facility as a Howard Johnson guest lodging establishment and/or (b) lost possession or the right to possession of the Facility." (Compl. ¶ 17.) DKS further agreed that the non-prevailing party in litigation would "pay all costs and expenses, including reasonable attorney's fees, incurred by the prevailing party to enforce this Agreement . . . ." (Id. ¶ 19.)

Without the consent of HJI, DKS sold the Facility to a third party. (Compl. ¶ 25.) On August 22, 2007, HJI acknowledged, in a letter to DKS, the termination of the License Agreement. (Id. ¶ 26.)

Kelly Krug, the Manager of Compliance for Plaintiff, outlined the recurring fees owed by the DKS in her affidavit. The Krug Affidavit notes that Defendant and codefendants collectively owe Plaintiff $56,127.90 in recurring fees. (Krug Aff. ¶ 20.) Krug offers support for these charges in an itemized statement prepared by HJI. (Itemized Statement, attached to Mot. for Default J. as Ex. E.)

HJI filed this Complaint on May 13, 2008 with the District Court for the District of New Jersey.

## II. LEGAL STANDARD

FED. R. CIV. P. 55(b)(2) provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals –

> preserving any federal statutory right to a jury trial – when, to enter
> or effectuate judgment, it needs to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." U.S. v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)).  However, "the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  "Following the entry of default, a district court can enter a final judgment without requiring further proof of damages only in limited situations." KPS & Associates, Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).  For example, "no evidentiary inquiry is necessary if the claim is for a 'sum certain,'" id., or if the claim is based on "an enforceable liquidated damages clause in a contract," id. at 20.  However, beyond these limited situations,  "[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

This Court "has considerable latitude in determining the amount of damages." Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993).  In determining the amount, a district court may conduct a hearing. FED. R. CIV. P. 55(b)(2).  However, the court is not required to do so "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment."

Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109

F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40

(2d Cir. 1989)).  "It is familiar practice and an exercise of judicial power for a court upon

default, by taking evidence when necessary or by computation from facts of record, to fix the

amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."

Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before the entry of default judgment against a party that has not filed responsive

pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the

subject matter and the parties."  Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir.

1986).

**A. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over the present case, pursuant to 28 U.S.C.

§ 1332, because Plaintiff and all defendants are citizens of different states and the amount in

controversy, exclusive of interest and costs, exceeds $75,000.  Specifically, HJI is a corporation

organized and existing under the laws of the State of Delaware, with its principal place of

business in Parsippany, New Jersey.  (Compl. ¶ 1 .)  DKS is an Alabama limited liability

company with it principal place of business in Alabama.  (Id. ¶ 2.)  Santokh Singh, Paramjit S.

Deol, Sukhbir Singh, Baldev S. Bajwa, and Gurinder Dhillon are each citizens of California.  (Id.

¶¶ 3-6.)

**B. Personal Jurisdiction**

To ascertain whether or not a court has personal jurisdiction, a federal court sitting in

diversity must conduct a two-step analysis.  First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant.  Second, the court must determine whether the exercise of jurisdiction violates Due Process of the Fourteenth Amendment.  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996).

        In this forum, the inquiry collapses into a single step because New Jersey's long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, as defined under the Constitution of the United States.  As such, federal law defines the parameters of this Court's in personam jurisdiction.  IMO Indus., Inc., 155 F.3d at 259.  The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235 (1958)).  It is the burden of the plaintiff to prove that the defendant has purposefully availed itself of the forum state.  Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

        Personal jurisdiction, however, is a right that can be waived by the parties.  Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).  A forum selection clause in a contract is one way to effectuate this waiver.  Nat'l Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 315 (1963).

        This Court has personal jurisdiction over Sukhbir Singh by virtue of a forum selection clause in Section 17.6.3 of the License Agreement, in which Defendants, through the Guaranty, consented "to the non-exclusive personal jurisdiction of, and venue in, the New Jersey state

courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey . . . ."  (Compl. ¶ 10.; Compl. Ex. A. ¶ 17.6.3.)  "[I]n a federal forum, the enforceability of a forum selection clause is determined by a generally applicable federal law."  Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 201 (3d Cir. 1983), overruled on other grounds by Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989).  This Court must look to federal law in determining whether to enforce the forum selection clause in the License Agreement.

The Supreme Court of the United States has held that "[forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  This rule reflects the principle that courts should enforce freely negotiated contract terms and give effect to the legitimate expectations of the parties.  Id. at 12.

Expanding on this ruling, the Third Circuit has adopted the following three step test:

[A] forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in jurisdiction so seriously inconvenient as to be unreasonable.

Coastal Steel, 709 F.2d at 202 (citing M/S Bremen, 407 U.S. at 12-13).  A court may refuse to enforce a forum selection clause if any of the factors have been demonstrated.  Id.

In the instant case, Sukhbir Singh consented to personal jurisdiction by signing the Guaranty, which incorporated Section 17.6.3 of the License Agreement by reference.  The parties did not present facts that this Court finds indicative of fraud or overreaching, of a strong violation of public policy in this forum, or of an unreasonably inconvenient forum.  Because

7

forum selection clauses have been upheld as a valid mechanism by which to waive the right to personal jurisdiction, this Court has personal jurisdiction over Sukhbir Singh.

## IV. ANALYSIS

Sukhbir Singh failed to appear, or otherwise plead, in response to the Complaint, which was filed on May 13, 2008 and served on Sukhbir Singh on July 7, 2008. (See Executed Summons for Sukhbir Singh, dated July 7, 2008 (Docket Entry No. 6).) Sukhbir Singh failed to respond to the instant motion, despite having been served with the motion on February 9, 2009. (Mot. For Default J. (Docket Entry No. 11).) Plaintiff sought the entry of default by the Clerk on October 2, 2008. The Clerk entered default on October 6, 2008. This Court finds that default judgment is appropriate, under FED. R. CIV. P. 55 (b)(2), on Count IV of the Complaint, the only count stating a claim against Sukhbir Singh.

## V. DAMAGES

Plaintiff requests the following damages: $56,127.90 in recurring fees,[3] $3,114.90 in attorneys' fees, and $1,531.83 in costs.[4] HJI submitted sufficient evidence to support its calculation of DKS's recurring fees. The Krug Affidavit supports HJI's claim for recurring fees by providing the Itemized Statement which outlines in detail the fees billed to DKS. Because DKS and HJI agreed in the License Agreement that DKS would owe HJI recurring fees, attorneys' fees, and costs upon termination of the agreement, and because Sukhbir Singh agreed,

---

[3] This amount represents principal plus prejudgment interest calculated through February 3, 2008. (Krug Aff. ¶ 20.) The interest is calculated based on a contractual rate of 1.5% per month. (Id.)

[4] The attorneys' fees and costs are asserted in Aff. of Matthew W. Bauer in Supp. of Request for Default Judgment, attached to Motion for Default Judgment.

in the Guaranty, to "immediately make each payment and perform or cause to be performed each obligation required [of DKS] under the License Agreement," Sukhbir Singh is liable for the recurring fees, attorneys' fees, and costs of the suit after DKS terminated the License Agreement.

## VI. CONCLUSION

For the reasons set forth above, this Court shall grant Plaintiff's motion for default judgment on Count IV of the Complaint against Sukhbir Singh.

Date: August 19, 2009


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.