# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | |
| HOWARD JOHNSON | : | |
| INTERNATIONAL, INC., | : | |
| | : | |
| Plaintiff, | : | Honorable Madeline Cox Arleo |
| | : | Civil Action No. 08-2316 (GEB) |
| | : | |
| v. | : | **REPORT AND RECOMMENDATION** |
| | : | |
| DKS, LLC; SANTOKH SINGH; | : | |
| PARAMJIT DEOL; BALDEV BAJWA; | : | |
| GURINDER DHILLON; and | : | |
| SUKHBIR SINGH, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## BACKGROUND

On May 13, 2008, plaintiff, Howard Johnson International, Inc. ("plaintiff") filed the complaint. On February 27, 2009, attorney Babak Pourtavoosi entered an appearance on behalf of defendants Baldev Bajwa, Santokh Singh, Gurinder Dhillon, Paramjit Deol and DKS, LLC (sometimes collectively referred to as the "Bajwa defendants"). No party or counsel entered an appearance on behalf of Defendant Sukhbir Singh. The Bajwa defendants filed an Answer with affirmative defenses and asserted counterclaims against plaintiff on March 23, 2009.

On June 11, 2009, this Court entered a Letter Order, scheduling an initial conference for July 16, 2009 ("June 11th, Letter Order"). The June 11th, Letter Order directed the parties to exchange Fed. R. Civ. P. 26 disclosures. Additionally, parties who wished to serve written discovery were directed to do so immediately. The June 11th, Scheduling Order emphasized that

1

failure to comply with the terms therein may result in the imposition of sanctions.  The July 16, 2009 initial conference was adjourned until August 10, 2009.

On August 10, 2009, counsel for both plaintiff and the Bajwa defendants appeared at the conference.  On August 11, 2009, the Court entered a Pretrial Scheduling Order, which set forth, among other things, deadlines for discovery and amendments to the pleadings.  A telephone status conference was scheduled for October 14, 2009, and subsequently rescheduled for October 28, 2009.  The Pretrial Scheduling Order emphasized that failure to comply with the discovery schedule would result in sanctions pursuant to FED. R. CIV. P. 16(f) and 37.

On November 5, 2009, attorney Babak Pourtavoosi moved for leave to withdraw as counsel for defendants Deol and Dhillon.  Mr. Pourtavoosi's basis for filing the motion was these two defendants' failure to respond or otherwise cooperate with Mr. Pourtavoosi in preparing a defense to this litigation.  Accordingly, this Court granted Mr. Pourtavoosi's motion by Order entered on December 14, 2009 and directed him to provide Deol and Dhillon with copies of the Order.  Deol and Dhillon were directed to have new counsel enter an appearance by December 30, 2009.  If new counsel was not secured by that date, Deol and Dhillon would be deemed to be proceeding on a pro se basis.  The parties were directed to appear for a status conference on January 8, 2010 at 12:00 p.m..

On December 23, 2009, Judge Greenaway inadvertently dismissed the action without prejudice as to all parties and provided 60 days for the action to be reopened if the settlement is not consummated.  Rather, plaintiff had settled the action only as to defendants DKS, Santokh Singh, Deol and Bajwa.  As such, in its December 28, 2009 letter, plaintiff asked the Court to reinstate the action as to defendants Dhillon and Suhkbir Singh only.  On January 12, 2010,

2

Judge Greenaway entered an Order, reopening the case.

On February 3, 2010, this Court entered an Amended Letter Order, granting Mr. Pourtavoosi's motion to withdraw as counsel for Dhillon and directed him to provide Dhillon with a copy of this Order.  The Court also directly sent a copy of this Order to Dhillon.  This Order further directed Dhillon to have new counsel enter an appearance by February 22, 2010; otherwise, Dhillon would be deemed to be proceeding on a pro se basis.  Plaintiff as well as the non-settling defendants Dhillon and Sukhbir Singh were directed to appear for a status conference on February 25, 2010.  On February 24, 2010, the Court entered an Order adjourning the February 25th status conference until March 11, 2010 due to inclement weather.

On March 11, 2010, only plaintiff's counsel appeared at the conference.  No party or counsel appeared on behalf of either Dhillon or Sukhbir Singh.  On March 18, 2010, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of both defendants' failure to attend the Court ordered March 11, 2010 Conference.  The Order to Show Cause was returnable April 26, 2010 at 11:00 a.m.  Both Dhillon and Sukhbir Singh were directed to file any written submissions with the Court by March 26, 2010.

Before the April 26, 2010 hearing, Dhillon did not file any written submissions.  Additionally, on April 26, 2010, no party or counsel appeared on behalf of Dhillon.

## DISCUSSION

Defendant Dhillon's failure to comply with the Orders of this Court require this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be

considered in determining whether to dismiss a plaintiff's action.   Poulis, 747 F.2d at 868.   The

Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history

of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5)

the effectiveness of sanctions other than dismissal, which entails an analysis of alternative

sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.   The Court is required

to balance each factor in its analysis.   Id.

1.   The Extent of Dhillon's Personal Responsibility

Following the Court's Order and Amended Order relieving Mr. Pourtavoosi as counsel

for Dhillon, the Court essentially afforded Dhillon more than sixty days to retain new counsel or

appear before the Court on a pro se basis.   Instead, Dhillon chose not to appear before the Court

on either March 11, 2010 or April 26, 2010 as directed.   This Court finds that Dhillon is

personally responsible for his failure to comply with the orders of this Court.   His failure to

appear and defend his case demonstrates a willful decision to disregard the orders of the Court.

Dhillon was warned that continued failure to comply with the Orders of this Court would result

in sanctions, up to and including, entry of default.   He ignored the Court's Orders of December

14, 2009, February 3, 2010, February 24, 2010, and March 18, 2010.

Dhillon is not exempt from responsibility for failure to abide by Court orders simply

because they are treated as pro se litigants.   "[A]ll litigants, including pro ses, have an obligation

to comply with Court orders.   When they flout that obligation, they, like all litigants, must suffer

the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).

Dhillon continuously failed to comply with court ordered appearances for conferences.

4

Accordingly, this factor favors striking Dhillon's Answer with affirmative defenses and Counterclaims, and allowing plaintiff to proceed to judgment by default as to Dhillon, and enter default against him.

2.      Prejudice to Plaintiff

Based on Dhillon's decision to disregard court orders, plaintiff is incapable of prosecuting its claims against him.  Despite Orders from this Court, Dhillon has not attended in person conferences.  Indeed, based on Dhillon's inaction, it is impossible for plaintiff to understand Dhillon's defense and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id.  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable.  Plaintiff is unable to ascertain Dhillon's defenses in this suit or prosecute its claims against him.  The decision not to appear at court ordered conferences present in this matter weigh in favor of striking Dhillon's Answer with affirmative defenses and Counterclaims, and allowing plaintiff to proceed to judgment by default as to Dhillon, and enter

5

default against him.

3.      History of Dilatoriness

This Court made several efforts to permit Dhillon to defend against this suit by adjourning the court ordered conferences and issuing an Order to Show Cause wherein he was directed to provide an explanation for his absences from court proceedings.  Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation.  If compliance is not feasible, a timely request for an extension should be made to the court.  A history...of ignoring these time limits is intolerable." 747 F.2d at 868.  Dhillon has failed to either retain counsel or appear at a court hearing on March 11, 2010 (resulting in an Order To Show Cause).  Therefore, this factor weighs in favor of striking Dhillon's Answer with affirmative defenses and Counterclaims, and allowing plaintiff to proceed to judgment by default as to Dhillon, and enter default against him.

4.      Dhillon's Conduct Has Been Willful

Following his attorney's withdrawal from the case, at no time did Dhillon ever attempt to contact the Court or otherwise present a defense in this action.  Additionally, the Court finds that Dhillon's failure to comply with court orders were willful in nature.  As set forth above, Dhillon has failed to appear for in person conferences.  Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith.  See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").  This factor warrants striking Dhillon's Answer with affirmative defenses and Counterclaims, and allowing plaintiff to proceed to judgment by default as to Dhillon, and enter default against him.

6

5.     Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided Dhillon several opportunities to appear at court ordered conferences, and defend against this suit.  The record is also replete with the failures of Dhillon to do so.  Indeed, Dhillon has demonstrated an apparent lack of desire to defend against this civil action.  To continue to allow Dhillon further benefits to appear at court conferences makes this case impossible for the Court to move forward and for plaintiff to prosecute its claims.  Dhillon's refusal to follow Court Orders has been evidenced throughout this case.

As Dhillon has made it clear that he will not defend against plaintiff's claims, no alternative to striking Dhillon's Answer and allowing plaintiff to proceed to judgment by default is appropriate in this case.  Despite court orders, the non-compliance continued.  The case cannot move forward.  Plaintiff is prejudiced. The only appropriate sanction here is to strike Dhillon's Answer with affirmative defenses and Counterclaims, and allow plaintiff to proceed to judgment by default as to Dhillon, and enter default against him.

As to the sixth factor, I cannot determine the meritoriousness of Dhillon's defense based upon my review of the pleadings.  Five of the six Poulis factors weigh in favor of entering default.  Not all of the Poulis factors need be satisfied in order to enter default.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, as set forth above, Dhillon failed to comply with Orders of this Court.  Therefore, the sanction of default against Dhillon is warranted.


**CONCLUSION**

This Court's recommendation of striking Dhillon's Answer with affirmative defenses and

7

his Counterclaims, and allowing plaintiff to proceed to default judgment, and enter default against Dhillon is not made lightly.  However, this Court is convinced that it is left with no alternative.  This Court offered Dhillon multiple opportunities to appear at court ordered conferences, but to no avail.  The Court also repeatedly warned him that continuation of this conduct would result in sanctions.  Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer with affirmative defenses and the Counterclaims only as to pro se defendant Gurinder Dhillon (Docket Entry No. 15), and that plaintiff be allowed to proceed to judgment by default as to pro se defendant Dhillon, and enter default against him.  The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,


_s/Madeline Cox Arleo_
MADELINE COX ARLEO
United States Magistrate Judge


Dated: April 27, 2010

Orig.:  Clerk of the Court
cc:     Hon. Garrett E. Brown, Jr., U.S.D.J.
        All Parties
        File

8